# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
### BUTTE DIVISION

| | |
|---|---|
| JERRY JOE HENDERSON,<br><br>                    Plaintiff,<br><br>    vs.<br><br>JIM SALMONSEN, MONTANA<br>STATE PRISON WARDEN; AUSTIN<br>KNUDSEN, ATTORNEY GENERAL<br>OF THE STATE OF MONTANA,<br><br>                    Defendants. | CV 21-62-BU-BMM-JTJ<br><br><br><br>ORDER |

Petitioner Jerry Joe Henderson ("Henderson"), a state prisoner proceeding pro se, has filed a petition seeking a writ of habeas with this Court pursuant to 28 U.S.C. § 2254. (Doc. 1). United States Magistrate Judge John Johnston entered his Findings and Recommendations in this case on August 18, 2021. (Doc. 4). Judge Johnston recommended that this matter should be DISMISSED WITHOUT PREJUDICE as unexhausted, that the Clerk of the Court should enter a judgment of dismissal by separate document, and that a certificate of appealability should be DENIED. (Doc. 4). Judge Johnston also GRANTED Henderson's Motion to Proceed in Forma Pauperis (Doc. 2). (*See* Doc. 4).

Henderson filed an objection to the Findings and Recommendations. (Doc. 5). The Court reviews *de novo* those findings and recommendations to which an objection is made. 28 U.S.C. § 636(b)(1)(C). Where a party's objections constitute

–1–

perfunctory responses argued in an attempt to engage the district court in a relitigation of the same arguments set forth in the complaint, however, the Court reviews for clear error the applicable portions of the findings and recommendations. *Rosling v. Kirkegard*, 2014 WL 693315, at *3 (D. Mont. Feb. 21, 2014) (internal citations omitted). The Court also reviews for clear error the portion of the Findings and Recommendations to which the party did not specifically object. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). The Court reviewed Judge Johnston's Findings and Recommendations and adopts them in full for the reasons discussed below.

## BACKGROUND

Henderson was sentenced On February 28, 2016, in Gallatin County, Montana for felony Sexual Assault. (Doc. 1 at 2-3). Henderson appealed the sentence and claimed that the district court violated Montana law when it accepted his no contest plea for a sexual offense. The State conceded the issue and the Montana Supreme Court vacated the February 24, 2016 sentence. The Montana Supreme Court remanded the matter to the state district court, where Henderson was given the option to enter a new plea agreement or proceed to trial. *See*, *State v. Henderson*, DA 17-0593, Pet. (filed October 10, 2017). Henderson elected to enter an Alford plea and was resentenced in February of 2019. (Doc. 1 at 3,¶¶ 5-6).

Henderson claims in his petition that: (1) he was intimidated by having criminal charges "stacked up" against him and by being forced to enter an Alford plea, *id.* at 4, ¶ 13(A), *see also*, *id.* at 3, ¶ 5; (2) judicial and prosecutorial misconduct occurred when his wife conspired against him with an associate of Conrad Burns. *Id.* at 5, ¶ 13(B); *see also*, *id.* at 7, ¶ 17. Henderson asks this Court to vacate his convictions against him and dismiss the charges against him. *Id.*

## ANALYSIS

Judge Johnston began his analysis by finding that Henderson has failed to exhaust his claims in the state court system. This Court agrees with Judge Johnston's findings. Federal courts may not grant a writ of habeas corpus brought by an individual in custody pursuant to a state court judgment unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. §2254(b)(1)(A).

Although Henderson expresses in his objections that pursuing his habeas claim now in federal court is the "better option" for him, he has failed to satisfy the procedural requirement of exhausting his state court remedies before filing his petition in federal court. (Doc. 5 at 2). Henderson's own petition demonstrates that he has not exhausted all his available state court remedies. Henderson acknowledges he has not filed for direct review of his sentence, has not filed for sentence review, has not filed a petition for postconviction relief, and has not sought state habeas

corpus relief. (Doc. 3 at 3-4). Henderson therefore cannot file for relief in this Court until he exhausts all remedies in state court.

Henderson did not raise any specific objections to Judge Johnston's finding that a certificate of appealability should be denied. (*See* Doc. 5). This Court's review is therefore limited to clear error. *McDonnell Douglas Corp.*, 656 F.2d at 1313. The Court finds no legal error in Judge Johnston's Findings and Recommendations regarding a certificate of appealability.

**IT IS THUS ORDERED** that Judge Johnston's Findings and Recommendations (Doc. 4) are **ADOPTED IN FULL**.

1. Henderson's Petition (Doc. 1) is **DISMISSED WITHOUT PREJUDICE**.

2. The Clerk of Court is directed to enter judgment of dismissal by separate document; and

3. A certificate of appealability is DENIED.

DATED this 18th day of November, 2021.

_____
Brian Morris, Chief District Judge
United States District Court